UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO MEZA ROJO,<br><br>      Plaintiff,<br><br>    v.<br><br>AMADOR COUNTY JAIL AND JEREMY MARTIN,<br><br>      Defendants. | Case No. 2:22-cv-02137-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S SECOND APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS FIRST APPLICATION AS MOOT<br><br>ECF Nos. 2 & 5<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL;<br><br>    (2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

      Plaintiff, who is being held in the Amador County Jail, brings this section 1983 case against the jail itself and one of its officers, Captain Jeremy Martin. ECF No. 1. His allegations are insufficiently pled, however. I will give plaintiff leave to amend before recommending that this action be dismissed. I will also grant plaintiff's second application to proceed *in forma*

*pauperis*, ECF No. 5, and deny his first, ECF No. 2, as moot.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff brings this action against two defendants, the Amador County Jail itself and a captain at the facility named Jeremy Martin. His allegations are too vague and conclusory to proceed, however. In a single, short paragraph he alleges that the jail is not up to code, that inmates including himself are sleeping on the floor, and that the jail is too full. ECF No. 1 at 3. With respect to defendant Martin, plaintiff has failed to allege what responsibility, if any, he has for these issues. And as to the jail, liability for an entity of municipal or local government requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007). Plaintiff has made no such allegation.

Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's second application to proceed *in forma pauperis*, ECF No. 5, is GRANTED and his first, ECF No. 2, is DENIED as moot.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend that this action be dismissed.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: February 23, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE