UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO MEZA ROJO,<br><br>Plaintiff,<br><br>v.<br><br>AMADOR COUNTY JAIL, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-02137-DAD-JDP (PC)<br><br>ORDER |

      Plaintiff, who is housed at the Amador County Jail, brings this § 1983 case against the jail and its captain, Jeremy Martin. ECF No. 11. I screened plaintiff's initial complaint on February 24, 2023, and directed him either to file an amended complaint or to advise the court that he wished to stand by his complaint, subject to dismissal, within thirty days. ECF No. 7. On April 27, when plaintiff did not respond, I issued an order to show cause for his failure to comply with that order. ECF No. 9. After plaintiff again failed to respond, I recommended on June 20 that this case be dismissed for failure to prosecute and comply with court orders. ECF No. 10.

      Plaintiff has now filed an untimely amended complaint. ECF No. 11. However, in light of his pro se status, I will screen the complaint and vacate my June 20 findings and

1

1  recommendations.  Having reviewed plaintiff's amended complaint, I find that he has not stated
2  cognizable claims.  I will give him an opportunity to file an amended complaint.

## Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

Plaintiff alleges that the jail does not have emergency buttons inside the cells, that the jail is overcrowded, and that defendant Martin is responsible for inmates sleeping on the floor.  ECF

2

No. 11 at 3-4. He claims that inmates have dragged their mattresses into his cell. *Id.* at 3. The allegations also state that some non-party officers will not hand out grievance forms.[1] *Id.* at 4.

Since plaintiff is a pretrial detainee, his constitutional claim is addressed under the Fourteenth Amendment's objective deliberate indifference standard. *See Or. Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003); *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). A pretrial detainee must show that a defendant's acts or omissions were objectively unreasonable and identify objective facts indicating either that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that objective. *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015).

As an initial matter, "[a]llegations of overcrowding, alone, are insufficient to state a claim." *Bakke v. Jail*, No. 3:15-cv-05713-BHS-DWC, 2016 WL 4623798, at *5 (W.D. Wash. Aug. 17, 2016) (citing *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984)). Where crowding causes an increase in violence, reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habitation, however, a plaintiff may be able to state a claim. *See Balla*, 869 F.2d at 471; *Toussaint*, 722 F.2d at 1492 (affirming that an Eighth Amendment violation may occur as a result of overcrowded prison conditions causing increased violence, tension, and psychiatric problems). Plaintiff fails to allege any specific facts showing how the overcrowding reached a level unfit for human habitation or how it resulted in an unconstitutional condition. Moreover, plaintiff has not alleged that any constitutional violation occurred because his cell is not equipped with an emergency button.

While making inmates sleep on the floor can constitute a constitutional violation, *see Thomas v. Baca*, 514 F. Supp. 2d 1201, 1215 (C.D. Cal. 2007) (holding that the defendant sheriff's custom of floor-sleeping was objectively a serious deprivation of the minimal civilized measure of life's necessities to warrant protection by the Eighth and Fourteenth Amendments), plaintiff does not allege that *he* was required to sleep on the floor. Indeed, it appears that plaintiff

---

[1] If plaintiff wishes to bring claims against these individuals, he must name them as defendants.

1  may have had an alternative place to sleep, since he claims that other inmates are bringing their
2  mattresses into his cell. ECF No. 11 at 3. Plaintiff is cautioned that he cannot bring claims on
3  behalf of other inmates. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)
4  (noting that a non-attorney plaintiff may not attempt to pursue claim on behalf of others in a
5  representative capacity).
6        Further, plaintiff's claims against the jail are insufficient as alleged, as I informed him in
7  my prior screening order, because liability for an entity of municipal or local government requires
8  an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the
9  constitutional violation . . . suffered." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir.
10 2007). Plaintiff has made no such allegation.
11       I will grant him a chance to amend his complaint before recommending that this action be
12 dismissed. If plaintiff decides to file an amended complaint, the amended complaint will
13 supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir.
14 2012) (en banc). This means that the amended complaint will need to be complete on its face
15 without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
16 complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
17 complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
18 defendant's involvement in sufficient detail. The amended complaint should be titled "Second
19 Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an
20 amended complaint, I will recommend that this action be dismissed.
21       Accordingly, it is ORDERED that:
22       1. The June 20, 2023 findings and recommendations, ECF No. 10, are vacated.
23       2. Within thirty days of the service of this order, plaintiff must either file an amended
24 complaint or advise the court that he wishes stand by his current complaint. If he selects the latter
25 option, I will recommend that this action be dismissed.
26       3. Failure to comply with this order may result in the dismissal of this action.
27       4. The clerk's office is directed to send plaintiff a complaint form.
28

IT IS SO ORDERED.

Dated:   July 13, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE