UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO MEZA ROJO,<br><br>                    Plaintiff,<br><br>      v.<br><br>AMADOR JAIL, *et al.*,<br><br>                    Defendants. | Case No. 2:22-cv-02137-DAD-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO RESPOND TO COURT ORDERS<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

      This matter settled on April 23, 2024, after the parties participated in a settlement conference with Judge Cota. ECF No. 28. Pursuant to the settlement, Judge Cota ordered the parties to submit a signed stipulation for voluntary dismissal within thirty days. *Id.* On May 23, 2024, defendant filed a status report indicating that he mailed plaintiff (1) a copy of the stipulated dismissal for signature, (2) a self-addressed stamp envelope, (3) a copy of the court's minute order, and (4) a cover letter to plaintiff requesting that he sign and mail the stipulation for voluntary dismissal back to defendant in the self-addressed stamped envelope provided. ECF No. 29. Defendant had not received a response from plaintiff.

      Accordingly, on June 17, 2024, I ordered plaintiff to file a response to defendant's status report within fourteen days. ECF No. 30. I warned plaintiff that should he fail to comply with that order, I would recommend that this matter be dismissed. *See* Fed. R. Civ. P. 41(b). Plaintiff

1

1 has not responded to the June 17 order.[1]  Accordingly, I recommend that this action be dismissed
2 for failure to comply with court orders.
3    The court has the inherent power to control its docket and may, in the exercise of that
4 power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*,
5 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
6 comply with these Rules or with any order of the Court may be grounds for imposition by the
7 Court of any and all sanctions . . . within the inherent power of the Court.").
8    A court may dismiss an action based on a party's failure to prosecute an action, failure to
9 obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54
10 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
11 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
12 complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
13 comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
14 *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
15 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
16 prosecution and failure to comply with local rules).
17    In recommending that this action be dismissed for failure to comply with court orders, I
18 have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
19 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
20 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
21 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).
22    Here, plaintiff has failed to respond to two court orders; Judge Cota's order directing the
23 parties to file a signed stipulation for dismissal and my order directing him to file a response to
24 defendant's status report.  *See* ECF Nos. 28 & 30.  Therefore, the public interest in expeditious
25 resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the
26 defendant all support imposition of the sanction of dismissal.  Lastly, my warning to plaintiff that

---

[1] On August 22, 2024, the court received a notice from the Amador County Sheriff's Office stating that plaintiff had been released from custody on August 16, 2024.  ECF No. 31.

failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The June 17, 2024 order expressly warned plaintiff that his failure to comply with court orders would result in dismissal. ECF No. 30. Plaintiff had adequate warning that dismissal could result from his noncompliance. Accordingly, I find that the balance of factors weighs in favor of dismissal.

Therefore, it is hereby RECOMMENDED that:

1. This action be dismissed without prejudice for failure to comply with court orders for the reasons set forth in the June 17 order.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 8, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE